**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF ILLINOIS**

Case No. 2024-CV-1104

**MICHAL FEFFERMAN** and **BEN FEFFERMAN**,
as Mother, Father, and Next Friends of O.V., their minor child,

    Plaintiffs,

v.

**UNITED AIRLINES, INC.,**
A Delaware for-profit corporation,

    Defendant.

_____/

## COMPLAINT FOR MONEY DAMAGES & DEMAND FOR TRIAL BY JURY

Plaintiffs, MICHAL FEFFERMAN and BEN FEFFERMAN, as Mother, Father, and Next Friends of O.F, their minor child, through undersigned counsel, hereby sue Defendant, UNITED AIRLINES, INC., alleging as follows:

## PARTIES

1. Plaintiffs, MICHAL FEFFERMAN and BEN FEFFERMAN, were, at all times material, adult residents of Jerusalem, Israel, and the mother, father, and next friends of O.F., their minor daughter.

2. Defendant, UNITED AIRLINES, INC. ("UNITED", is a Delaware Corporation operating a domestic and international airline from a headquarters in Chicago, Illinois. It is also a registered business entity in Illinois (File No. 52199484) and can be served through registered agent, C T Corporation System, 208 So. LaSalle Street, Suite 814, Chicago, Illinois 60604.

<u>Fefferman vs. United Airline, Inc.</u>
Complaint

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.01, exclusive of costs, interest, and attorneys' fees. 28 U.S.C. § 1332(a)(2).

4. This Court also has original jurisdiction because at least one cause of action arises under Convention for the Unification of Certain Rules for International Carriage by Air, S. Treaty Doc. No. 106-45, 2242 U.N.T.S. 35 (May 28, 1999) ("Montreal Convention"). <u>See e.g.</u>, <u>Bandurin v. Aeroflot Russian Airlines</u>, 2020 WL 362781, *5 (N.D. Ill. Jan. 22, 2020) ("that provision confers subject-mater jurisdiction…")

5. This Court has personal jurisdiction over UNITED because its contacts with the forum are so continuous and systemic as to render it "at home" here.

6. Venue is proper because UNITED resides in this district and/or a substantial part of the events or omissions giving rise to the claims occurred here. 28 U.S.C. § 1391(b)(1), (2).

## GENERAL ALLEGATIONS

7. On or about July 20, 2022, O.F. and her mother, MICHAL FEFFERMAN, were fare-paying passengers on Flight #91, TLV-EWR, from Israel to New Jersey ("Flight").

8. At all times material, UNITED owned the aircraft used for the Flight, operated and/or controlled the Flight, and was responsible for maintaining the aircraft.

9. During the Flight, a flight attendant offered in-flight meals to O.F. and MICHAL FEFFERMAN.

10. MICHAL FEFFERMAN requested a child's meal O.F.

11. A flight attendant, who at all times material was an employee or agent of UNITED acting within the course and scope of her employment or agency, handed MICHAL FEFFERMAN a tray containing a hot meal for O.F.

12. MICHAL FEFFERMAN then placed the meal tray in front of O.F. on a fold-down tray table.

13. Although the meal tray should have provided a level surface so that food and/or drinks like the meal tray at issue could be placed on them safely, this particular tray table was defective, slanting downward toward the seat where O.F. sat.

14. As a result of the defective tray table, O.F.'s meal slid off and landed in her lap.

15. The food contents on O.F.'s meal tray were unreasonably hot and caused O.F. to suffer sever burn injuries.

16. MICHAL FEFFERMAN requested prompt medical attention for O.F., but UNITED's employees and/or agents were unable to provide adequate care, partly because UNITED did not equip the aircraft used for the Flight with reasonable medical supplies to treat burn injuries.

17. O.F. suffered in extreme discomfort for the remainder of the 12-hour Flight.

18. O.F., then only six years old, is now scarred and disfigured.

19. At all times material, UNITED held itself out to the public as willing to carry passengers for hire and, as long as there is room and no legal excuse for refusal, UNITED indiscriminately carries members of the public for a fee.

20. At all times material, UNITED maintained status as a public carrier.

21. At all times material, UNITED was and is a common carrier.

## COUNT I: NEGLIGENCE

22. Plaintiffs re-allege paragraphs 1 through 21 as if fully set forth herein.

23. At all times material, UNITED owed a duty to passengers aboard the Flight, including O.F., to exercise reasonable care in the operation of the Flight, including the provision of food to passengers, access to safe and/or sturdy tray tables, maintenance of tray tables, access to medical devices and/or care for reasonably foreseeable harms, and/or to warn passengers of defective equipment such as tray tables.

24. At all times material, UNITED, as a common carrier, also owed a duty to exercise the highest degree of care for the safety of its passengers, including O.F.

25. Based on information and belief, at all times material, UNITED breached the afore-stated duties by:

   a. Failing to provide food to O.F. at a reasonably safe temperature;

   b. Failing to provide O.F. with a meal intended for a child;

   c. Failing to check the temperature of the food served to O.F. before serving it to her;

   d. Failing to warn O.F. that the food served to her was hot enough to cause disfigurement and/or burn injuries;

   e. Failing to warn MICHAL FEFFERMAN that the food served to O.F. was hot enough to cause disfigurement and/or burn injuries;

   f. Failing to maintain the tray tables on its aircrafts;

   g. Failing to inspect the tray tables on its aircrafts;

   h. Failing to repair the tray tables on its aircrafts;

   i. Failing to warn O.F. that the tray table intended for her seat was defective;

    j. Failing to warn MICHAL FEFFERMAN that the tray table intended for O.F.'s seat was defective;

    k. Failing to provide O.F. with a safe space to eat;

    l. Failing to provide access to medical equipment on the Flight;

    m. Failing to provide access to medical care on the Flight for reasonably foreseeable injuries;

    n. Serving food to passengers at an unreasonably hot temperature;

    o. Failing to train flight attendants on how to safely provide hot meals to minor passengers;

    p. Failing to supervise flight attendants on how to safely provide hot meals to minor passengers;

    q. Failing to train flight attendants on how to respond to a burn injured passenger; and/or,

    r. Failing to supervise flight attendants on how they respond to burn injured passengers.

26. At all times material, it was foreseeable to UNITED that minor passengers on international flights:

    a. would desire if not require meal service;

    b. would need to utilize the tray tables in front of them for their meal service;

    c. might spill hot food on themselves;

    d. would handle hot food from meal service; and/or,

    e. could sustain burn injuries from the food provided to them in meal service.

27. Based on information and belief, before O.F. and her mother boarded the

Flight UNITED knew or should have known in the exercise of reasonable diligence that:

a. the Flight did not have meals designed for minor passengers;

b. the Flight was not equipped with adequate medical equipment to treat a burn injury;

c. one or more tray tables on the aircraft used for the Flight, including the tray table intended for O.F.'s seat, were defective and dangerous;

d. its aircraft fleet had a pattern of defective and dangerous tray tables; and/or

e. its aircraft fleet had a pattern of not having access to adequate medical equipment to treat a burn injury.

28. As a direct, foreseeable, and proximate result of UNITED's negligence, O.F. was seriously injured and is seeking past and future non-economic damages for her injuries, burns, disfigurement, scarring, discoloration, neurological deficits, impairment, pain, suffering, mental anguish, emotional distress, inconvenience, humiliation, embarrassment, and the loss of ability to enjoy her life, which she has experienced in the past and/or will continue to experience in the future.

29. As a direct, foreseeable, and proximate result of UNITED's negligence, O.F. is seeking past and future economic damages for reasonable and necessary medical care and treatment in the past and to be incurred in the future.

WHEREFORE the Plaintiffs hereby demand judgment against the UNITED AIRLINES, INC. for compensatory damages in an amount exceeding $75,000.01, (exclusive of interest and costs) but to be determined by a jury, all pre- and post-judgment interest allowed by law, reserves the right to later seek leave to amend for punitive damages, and requests a trial by jury on all issues so triable.

## COUNT II: STRICT LIABILITY UNDER ARTICLE 17 OF MONTREAL CONVENTION

30. Plaintiffs re-allege paragraphs 1 through 27 as if fully set forth herein.

31. The United States of America is a signatory of the Montreal Convention.

32. Israel is a signatory of the Montreal Convention.

33. At all times material, UNITED was operating its aircraft for the Flight to transport passengers internationally.

34. The underlying burn event occurred while O.F. was on board the Flight.

35. O.F. was not negligent or a legal cause of her own harm.

36. MICHAL FEFFERMAN was not negligent or a legal cause of O.F.'s harm.

37. As a direct, foreseeable, and proximate result of UNITED's negligence, O.F. was seriously injured and is seeking past and future non-economic damages for her injuries, burns, disfigurement, scarring, discoloration, neurological deficits, impairment, pain, suffering, mental anguish, emotional distress, inconvenience, humiliation, embarrassment, and the loss of ability to enjoy her life, which she has experienced in the past and/or will continue to experience in the future.

38. As a direct, foreseeable, and proximate result of UNITED's negligence, O.F. is seeking past and future economic damages for reasonable and necessary medical care and treatment in the past and to be incurred in the future.

WHEREFORE the Plaintiffs hereby demand judgment against the UNITED AIRLINES, INC. for compensatory damages in an amount exceeding $75,000.01, (exclusive of interest and costs) but to be determined by a jury, all pre- and post-judgment interest allowed by law, reserves the right to later seek leave to amend for punitive damages, and requests a trial by jury on all issues so triable.

Fefferman vs. United Airline, Inc.
Complaint

DATED this 7th day of February, 2024.

>FISCHER REDAVID PLLC
>PO Box 530096
>Atlanta, GA 30353
>Telephone: (954) 860-8434
>Facsimile: (954) 860-8584
>Service@YourChampions.com (eService Only)
>
>*/s/ Jordan Redavid, Esq.*
>**JORDAN REDAVID, ESQ.**
>Florida Bar No. 109227
>Georgia Bar No. 628049
>U.S.V.I. Bar No. R2227
>Member of District's General Bar
>Jordan@YourChampions.com
>Crystal@YourChampions.com
>*Counsel for Plaintiffs*