IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF ILLINOIS
(Eastern Division)

Case No. 2024-CF-01104

**MICHAL FEFFERMAN** and **BEN FEFFERMAN**,
as Mother, Father, and Next Friends of O.F., their minor child,

    Plaintiffs,

v.

**UNITED AIRLINES, INC.,**
A Delaware for-profit corporation,

    Defendant.

_____/

## PLAINTIFFS' JURISDICTIONAL STATEMENT AND RESPONSE TO ORDER TO SHOW CAUSE (DE 2)

Plaintiffs offer this jurisdictional statement and response to this Court's February 13, 2024, order to show cause. (DE 2). In short, while undersigned apologizes for pleading deficiencies in the operative complaint, (DE 1), this case should not be dismissed for lack of jurisdiction for the following reasons.

### Diversity Jurisdiction

Each plaintiff (mom, dad, and minor child) is, and at all times material has been, a citizen of the State of Israel, a foreign nation. Each plaintiff is, and at all times material was, also domiciled in Jerusalem, Israel.

Defendant, United Airlines, Inc. ("United"), a Delaware Corporation with its place of business located at 233 South Wacker Drive, Chicago, Illinois, is registered as a corporation in Illinois (file number 52199484). Thus, United is a citizen of the State of Illinois within the meaning of 28 U.S. Code § 1332(c).

Fefferman vs. United Airline, Inc.
Jurisdictional Statement

Because the amount in controversy exceeds $75,000.01, exclusive of costs, interest, and attorneys' fees, and there is diverse citizenship of the parties, this Court has diversity jurisdiction. 28 U.S.C. § 1332(a).

## **Subject-Matter Jurisdiction**

The allegations in this case concern physical injury to a passenger on a United airplane during an international flight. This Court has subject matter jurisdiction under the Articles 17 and 33 of the Convention for the Unification of Certain Rules for International Carriage by Air, S. Treaty Doc. No. 106-45, 2242 U.N.T.S. 35 (May 28, 1999) ("Montreal Convention"). See Bandurin v. Aeroflot Russian Airlines, 2020 WL 362781, *5-6 (N.D. Ill. Jan. 22, 2020) (Montreal Convention confers subject-matter jurisdiction for allegations of physical injury suffered on board carrier's aircraft or while embarking or disembarking if the case is brought in domicile or principal place of business of the carrier) (citing Royal & Sun All. Ins. PLC v. UPS Supply Chain Sols., Inc., 2018 WL 1888483, at *3 (S.D.N.Y. Apr. 5, 2018) (courts have consistently concluded that the Montreal Convention affords subject matter jurisdiction), Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1172 (11th Cir. 2014) and Eastern Airlines, Inc. v. Floyd, 499 U.S. 530, 552 (1991)).

## **Conclusion**

Plaintiffs request that the February 13, 2024, order to show cause be discharged and this case permitted to proceed in the normal course.

Dated this 16th day of February, 2024.

> FISCHER REDAVID PLLC
> PO Box 530096
> Atlanta, GA 30353
> Telephone: (954) 860-8434
> Facsimile: (954) 860-8584
> Service@YourChampions.com (eService Only)

<u>Fefferman vs. United Airline, Inc.</u>
Jurisdictional Statement

*/s/ Jordan Redavid, Esq.*
**JORDAN REDAVID, ESQ.**
Florida Bar No. 109227
Georgia Bar No. 628049
U.S.V.I. Bar No. R2227
Member of District's General Bar
Jordan@YourChampions.com
Crystal@YourChampions.com
*Counsel for Plaintiffs*